UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LAURA C., | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | )   No. 1:19-cv-00300-GZS |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
|        Defendant | ) |

### REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether, in the wake of a prior remand of this case by this court, the administrative law judge ("ALJ") supportably found the plaintiff capable, prior to June 1, 2016, of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ (i) violated the so called "mandate rule" when he determined post-remand that the plaintiff's anxiety-related disorder ("ARD") did not become severe until October 21, 2011, (ii) assessed a mental residual functional capacity ("RFC") for the period from October 21, 2011, through May 31, 2016, that is unsupported by substantial evidence, and (iii) failed to elicit an explanation for discrepancies between the testimony of a vocational expert ("VE") and the *Dictionary of Occupational Titles* ("DOT"), as required by Social Security Ruling 00-4p ("SSR 00-4p"). *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

No. 9) at 1.  I conclude that (i) remand would be an empty exercise with respect to any violation of the mandate rule, (ii) the ALJ did not err in assessing the plaintiff's mental RFC and, in any event, any error was harmless, and (iii) SSR 00-4p was not implicated.  Accordingly, I recommend that the court affirm the commissioner's decision.

This case returns to this court following an April 29, 2016, reversal and remand of a January 15, 2014, adverse decision by ALJ John F. Edwards.  *See* Record at 11-20, 821-32.  In that decision, ALJ Edwards found, in pertinent part, that the plaintiff had a severe impairment of ARD, but that she retained the RFC to perform work existing in significant numbers in the national economy and was therefore not disabled from September 1, 2008, her alleged onset date of disability, through the date of the decision, January 15, 2014.  *See* Findings 3, 5, 10-11, *id*. at 14, 16, 19-20.  This court determined that ALJ Edwards' mental RFC determination was not supported by substantial evidence and remanded the case for further proceedings consistent with its opinion.  *See id*. at 821-22.  The plaintiff filed subsequent applications for SSI and SSD benefits in January and March 2016, respectively.  *See id*. at 1022-30, 1031-34.

On August 8, 2018, ALJ Eric Eklund issued the partially favorable decision at issue, finding, in relevant part, pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), that, with respect to her application for SSD benefits, the plaintiff met the insured status requirements of the Social Security Act through March 31, 2009, Finding 1, Record at 687; that, through March 31, 2009, the plaintiff's date last insured, she had medically determinable impairments of ARD, Panic Disorder, Agoraphobia, Post-Traumatic Stress Disorder, and Polysubstance Dependence, but that none of those impairments was severe, Finding 3, *id*. at 687-88, that, accordingly, the plaintiff was not disabled for purposes of SSD benefits at any time

2

through March 31, 2009, her date last insured, Finding 14, *id*. at 697; that, as of October 21, 2011, when the plaintiff filed an earlier application for SSI benefits, she had the severe impairment of Anxiety Disorder, Finding 4, *id*. at 689; that, prior to June 1, 2016, she had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: she was limited to simple, unskilled work in a low-stress job, defined as a job with only occasional decision-making and only occasional changes in the work setting, could perform only repetitive and routine work, could not interact with the public as a basic part of her job responsibilities, could have only occasional interaction with coworkers, and could have only occasional supervision, Finding 6, *id*. at 691; that, prior to June 1, 2016, considering the plaintiff's age (a younger individual), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 9-12, *id*. at 696; but, that, beginning on June 1, 2016, in addition to having the same nonexertional limitations as for the period prior to that date, she would also miss one to two days of work per month on a consistent and regular basis, Finding 7, *id*. at 695; and that, therefore, there were no jobs existing in significant numbers in the national economy that she could perform as of June 1, 2016, Finding 13, *id*. at 697.  The Appeals Council declined to assume jurisdiction of the case following remand, *id*. at 675-77, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.984(a), (b)(2), 416.1484(a), (b)(2); *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

   The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

3

the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.  Discussion

### A.  Asserted Mandate Rule & RFC Errors

ALJ Eklund assessed the plaintiff's claims for three discrete time periods, the first pertaining to her application for SSD benefits (through March 31, 2009, her date last insured for SSD benefits) and the latter two pertaining to her applications for SSI benefits (prior to June 1, 2016, and beginning on June 1, 2016).  ALJ Eklund determined that (i) the plaintiff did not have a severe impairment or combination of impairments through her date last insured, March 31, 2009, and was therefore not disabled for purposes of SSD benefits through that date, *see* Findings 3, 15, Record at 687-88, 697; (ii) as of October 21, 2011, the date of her earlier SSI application, she had a severe impairment of ARD but was not disabled for purposes of SSI benefits at any time prior to June 1, 2016, *see* Findings 4, 14, *id*. at 689, 697; but, (iii) beginning on June 1, 2016, she became disabled, entitling her to SSI benefits as of that date, *see* Finding 13, *id*. at 697.[3]

---

[3] The plaintiff challenges ALJ Eklund's rulings only as to the first two time periods.  *See* Statement of Errors at 9.  Because she relies on her challenge to the second time period in discussing her challenge to the first, *see id*. at 9-14, I discuss both together.

4

The plaintiff argues that ALJ Eklund transgressed the so-called "mandate rule" when, on remand, he reexamined the question of whether she had a severe impairment of ARD and determined, contrary to ALJ Edwards' decision, that prior to October 21, 2011, she did not. *See* Statement of Errors at 6-9. She observes that, "[h]ad he adopted ALJ Edwards' determination that [her] anxiety was a severe impairment as of September 1, 2008, ALJ Eklund could not have dismissed [her SSD] . . . claim without further analysis." *Id*. at 9.

> Under the 'mandate rule,' administrative agencies generally are obligated to follow the mandates set forth in a federal court decision. The administrative law judge may not do anything expressly or impliedly in contradiction to the district court's remand order, although he or she may act in ways that go beyond, but are not inconsistent with, the district court's opinion.

*Steele v. Astrue,* No. 2:09-cv-548-DBH, 2011 WL 4635136, at *1 (D. Me. Oct. 5, 2011) (rec. dec., *aff'd* Oct. 25, 2011) (citation and internal punctuation omitted); *see also*, *e.g.*, *Huston v. Colvin*, No. 2:12-cv-00282-JAW, 2013 WL 3816615, at *7 (D. Me. July 19, 2013) (rejecting the plaintiff's "mandate rule" argument when, "in reversing and remanding this case, the court did not explicitly or implicitly preclude reconsideration on remand of the Step 4 finding").

Assuming *arguendo* that ALJ Eklund violated the mandate rule in deeming the plaintiff's ARD nonsevere for the period from September 1, 2008, through March 31, 2009, I agree with the commissioner that remand "would 'amount to no more than an empty exercise.'" Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Response") (ECF No. 13) at 1 (quoting *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000)).

The plaintiff contends that the asserted mandate rule error is harmful because, had the ALJ found a severe impairment for the first time period, he would have adopted the RFC he assessed for the second time period, which she asserts is unsupported by substantial evidence, warranting remand. *See* Statement of Errors at 9. Nothing in ALJ Eklund's decision indicates that he would have adopted the same RFC for the first time period as the second, had he found a severe ARD

5

impairment for the first time period.[4] In any event, even assuming that he would have done so, the plaintiff identifies no harmful error in his assessment of her RFC for the second time period. As a result, as the commissioner contends, *see* Response at 1, remand on the basis of the asserted mandate rule error would be an empty exercise.

The plaintiff argues that, in assessing her RFC for the second time period, the ALJ failed to account for her moderate limitations in concentrating, persisting, or maintaining pace, and, to the extent that he assessed a restriction to "simple, unskilled work" to account for such limitations, he (i) impermissibly relied on his own lay interpretation of raw medical evidence of the mental status examinations, (ii) misconstrued the hearing testimony of expert Neli Cohen, Ph.D., and (iii) relied on the inadequate opinion of agency nonexamining consultant Thomas Knox, Ph.D. *See* Statement of Errors at 11-14.

The ALJ did not impermissibly interpret raw medical evidence. Rather, he explained that he relied on the opinions of Drs. Knox and Cohen as well as the plaintiff's benign mental status examinations. *See* Record at 693-94; *see also id*. at 854 (finding by Dr. Knox that, despite moderate limitations in concentration, persistence, or pace, plaintiff retained capacity to "carry out simple but not complex tasks in a normal workweek schedule"), 765-66 (testimony of Dr. Cohen, in context of plaintiff's ability to deal with changes in the workplace, that she was limited to simple, unskilled work, and in context of her ability to do production or pace work, that she was limited to repetitive, routine work); *Priest v. Colvin*, No. 1:15-cv-00379-JHR, 2016 WL 7335583, at *2 (D. Me. Dec. 16, 2016) (reports of normal mental status examinations "are not the type of

---

[4] As the commissioner observes, *see* Response at 6-7, the plaintiff fails to acknowledge that the expert opinions on which she relies postdate the period through March 31, 2009, *see*, *e.g.*, Record at 764, 853-55, and, therefore, do not bear on the first time period.

raw medical data that a layperson is prohibited to evaluate") (footnote and citations omitted).[5] The ALJ assessed the restrictions that each expert indicated accounted for moderate limitations in concentration, persistence, or pace. *See* Finding 6, Record at 691 ("simple, unskilled work"; "repetitive and routine work").

In any event, even assuming *arguendo* that the ALJ's reliance on Drs. Knox and Cohen was misplaced, the plaintiff does not contend that the medical evidence suggests, much less that it requires, the inclusion in her RFC of any greater mental limitations, *see* Statement of Errors at 9-14, rendering remand on account of any mandate rule violation an empty exercise.

### B. Asserted Errors in Relying on Vocational Testimony

The plaintiff's last point of error concerns ALJ Eklund's reliance on the testimony of the VE at hearing. *See* Statement of Errors at 14-18. The plaintiff argues, first, that the ALJ failed to identify a discrepancy between the DOT and the VE's testimony that she could perform the jobs of laundry laborer, laundry folder, and plastic hospital products assembler with only occasional supervision. *See id*. at 14. She contends that, because the DOT descriptions for those jobs do not "define the degree of interaction between employees and supervisors[,]" ALJ Eklund was required pursuant to SSR 00-4p to ask the VE to explain the inconsistency, which he did not. *Id*. at 14-16.[6]

---

[5] The plaintiff quotes *Valari M. v. Soc. Sec. Admin Comm'r*, 2:18-cv-00342-JDL, 2019 WL 4277783, at *5 (D. Me. Sept. 10, 2019), for the proposition that this court has held that "'restrictions to unskilled work and to only occasional judgment, decision-making, and changes in the work setting . . . do not reflect moderate restrictions in the broad category of concentration, persistence, or pace.'" Statement of Errors at 11. However, in response to an identical argument, this court recently noted that it had "repeatedly upheld limitations to simple, routine, and/or repetitive work when the claimant has been found to be moderately limited in the area of concentration, persistence, or pace[,]" and that "it is the absence of explication by the decision-maker of the reasoning leading from such moderate limitations[,] . . . rather than the fact that such a conclusion was drawn, that requires remand[.]" *Sarah B. v. Saul*, No. 2:19-cv-00267-LEW, 2020 WL 2549250, at *4 (D. Me. Apr. 23, 2020) (rec. dec., *aff'd* May 18, 2020) (citations and internal quotation marks omitted).

[6] SSR 00-4p requires that, "[w]hen there is *an apparent unresolved conflict* between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, reprinted in *West's Social Security Reporting Service Rulings* 1983-1991 (Supp. 2019), at 242 (emphasis added).

However, because the DOT is silent on the subject of supervision, "there could be no discrepancy[,]" *Wasilauskis v. Astrue*, Civil No. 08-284-B-W, 2009 WL 861492, at *5 n.8 (D. Me. Mar. 30, 2009) (rec. dec., *aff'd* Apr. 21, 2009), and, thus, could be no violation of SSR 00-4p on that basis.

The plaintiff next, and finally, argues that the ALJ's reliance on the VE's testimony was misplaced because he transmitted a flawed RFC to the VE. *See* Statement of Errors at 14-18. Should the court agree that the plaintiff has failed to demonstrate either error, or harmful error, in the RFC formulation, this derivative challenge fails, as well.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 2nd day of August, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge